UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST NASAL SINUS CENTER, PS; ALDERWOOD SURGICAL CENTER, LLC; and REALDRSEATTLE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> Defendants. | Case No. C26-1326RSM <br><br> ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Plaintiffs Northwest Nasal Sinus Center, PS, Alderwood Surgical Center, LLC, and RealDrSeattle, Inc. ("Plaintiffs")'s Motion to Remand, Dkt. #12, and Defendants Google LLC and Alphabet Inc. ("Google")'s Motion to Compel Arbitration, Dkt. #9. No party requests oral argument for either motion.

In the remand motion, Plaintiffs argue "Defendants' Notice of Removal fails to establish complete diversity of citizenship because it contains no affirmative allegation of any fact about the citizenship of any member of Plaintiff Alderwood Surgical Center, LLC." Dkt. #12 at 2.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL
ARBITRATION - 1

cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

The Complaint pleads that two of the three Plaintiffs are Washington citizens, Dkt. #1-2 ("Compl."), ¶¶ 6 and 8, which establishes that they are diverse from Google and Alphabet, citizens of California and Delaware. *See* Dkt. #1. The Complaint does not clearly state the citizenship of the third Plaintiff, Alderwood Surgical Center LLC, alleging only that it is a limited liability company with its principal place of business in Washington. *See* Compl. at ¶ 7.

Google removed based on diversity jurisdiction, stating that "Plaintiff Alderwood Surgical Center, LLC is a Washington limited liability company, and Google has no reason to believe any of its owners or members are citizens of California or Delaware." Dkt. #1 at 2.

It is clear from the record that complete diversity actually exists in this case. *See* Compl.; Dkt. #14 at 2. Plaintiffs do not really contest this point. The Court agrees with Google's arguments as to the adequacy of its Notice of Removal. *See* Dkt. #17 at 4–8 (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)). Plaintiff's Motion to Remand will therefore be denied.

Turning to the issue of arbitration, the Complaint cites to the "Google Ads Terms and Conditions," a "valid and enforceable contract" between the parties. Compl. at ¶ 46. This contract contains an arbitration clause. Dkt. #9-1 at 5.

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION - 2

Plaintiffs acknowledge all of that but argue that (1) arbitration clause is unconscionable under California law, (2) Plaintiffs' antitrust and monopolization claims fall outside the scope of the arbitration clause, (3) Defendants waived their right to compel arbitration through prior litigation conduct; (4) Alphabet Inc. is not a signatory to the arbitration agreement and cannot compel arbitration; and (5) Washington public policy disfavors arbitration of claims arising under the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.  Dkt. #13 at 2.

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130).  To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION - 3

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

"Unconscionability under California law 'has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results.'" *Kilgore v. KeyBank Nat'l Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (quoting *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114, 99 Cal. Rptr. 2d 745, 767, 6 P.3d 669 (2000)).

California courts apply a 'sliding scale' analysis in determining unconscionability: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable and vice versa." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010) (quotations and citations omitted). "Thus, although both procedural and substantive unconscionability must be present for the contract to be declared unenforceable, they need not be present to the same degree." *Id.*; *see also Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1105-06 (9th Cir. 2003).

"In assessing procedural unconscionability, the court, under California law, focuses on the factors of surprise and oppression in the contracting process, including whether the contract was one drafted by the stronger party and whether the weaker party had an opportunity to negotiate." *Pokorny*, 601 F.3d at 996. Oppression arises "from an inequality of bargaining power [that] results in no real negotiation and an absence of meaningful choice." *Circuit City Stores, Inc*, 335 F.3d at 1106 (quoting *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1533, 60 Cal. Rptr. 2d 138, 145 (1997)). Surprise "involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party," *Chavarria v. Ralphs*

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION - 4

*Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013), and "involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Stirlen*, 51 Cal. App. 4th at 1532, 60 Cal. Rptr. 2d at 145.

In seeking to avoid enforcement of an arbitration agreement based on substantive unconscionability, "[a] party cannot avoid a contractual obligation merely by complaining that the deal, in retrospect, was unfair or a bad bargain. Not all one-sided contract provisions are unconscionable, hence the various intensifiers in our formulations: 'overly harsh,' 'unduly oppressive,' 'unreasonably favorable.'" *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245, 200 Cal. Rptr. 3d 7, 14, 367 P.3d 6 (2016).

Google argues that the Arbitration Clause at issue contained a 30-day opt out procedure, not utilized by Plaintiffs, and that this essentially forecloses any claim of unconscionability under California law. *See* Dkt. #9 at 6–7 (citing, *inter alia*, *California Crane Sch., Inc. v. Google LLC*, 722 F. Supp. 3d 1026, 1034–35 (N.D. Cal. 2024), *aff'd*, 2025 WL 2541913 (9th Cir. Sept. 4, 2025), *cert. denied sub nom.* 2026 WL 795082 (U.S. Mar. 23, 2026); *Adtrader, Inc. v. Google LLC*, 2018 WL 1876950, at *4 (N.D. Cal. Apr. 19, 2018); *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 877 (N.D. Cal. 2018), *aff'd*, 816 F. App'x 68 (9th Cir. 2020)). The Court agrees with Google and the cited law on this point. Plaintiffs' other arguments—that the agreement contains hidden or obscured terms, imposes one-sided obligations, had a take-it-or-leave-it nature, allowed Google to modify or cancel terms, and has unfair arbitration fee allocation—otherwise fail the standards for unconscionability under California law. Plaintiffs here are businesses who have advertised with Google for years before filing this lawsuit. *See* Compl. at ¶¶ 5-8. Plaintiffs do not allege that Google actually modified the arbitration clause after they signed the agreement. The Court is not convinced that California law prohibits the class action or jury trial waivers in

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION - 5

the agreement under the circumstances of this case, where the Plaintiffs are advertisers alleging millions of dollars in damages and not bringing a class action.

As for the remaining issues, the Court is not convinced that Plaintiffs' antitrust and monopolization claims fall outside the scope of the arbitration clause. These claims deal directly with the relationship of the parties under the Google Ads Terms and Conditions agreement, and the arbitration clause is quite broad.

The Court is also not convinced that Defendants waived their right to compel arbitration through prior litigation conduct. The party opposing arbitration bears the burden of showing waiver by demonstrating intentional acts  inconsistent with a party's existing right to compel arbitration. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). A party "acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Id*. (quoting *Newirth ex rel. Newirth v. Aegis Senior Cmtys.*, LLC, 931 F.3d 935, 940 (9th Cir. 2019)). The circumstances of this case do not rise to this level. Google has otherwise timely moved to compel arbitration.

The Court agrees with Google that the Arbitration Clause applies to claims against Alphabet, Inc. because "Plaintiffs have agreed that the Dispute Resolution Agreement includes claims brought by or against Google as well as Google parent companies." Dkt. #9 at 12 (citing Dkt. #9-1 at ¶ 13.A; *Hicks v. Utiliquest, LLC*, 736 F. Supp. 3d 849, 861 (E.D. Cal. 2024); *California Crane Sch., Inc. v. Google LLC*, 621 F. Supp. 3d 1024, 1030 (N.D. Cal. 2022) (granting Google LLC and Alphabet Inc.'s motion to compel arbitration pursuant to the Terms of Service)). Alphabet, Inc. is undeniably the parent company to Google.

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION - 6

Finally, the Court notes that although Washington public policy might disfavor arbitration of claims arising under the Washington Consumer Protection Act, Wash. Rev. Code § 19.86, courts have enforced arbitration agreements as to CPA claims and this Court will do the same under the facts of this case.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Remand, Dkt. #12, is DENIED and Defendants' Motion to Compel Arbitration, Dkt. #9, is GRANTED.   This case is STAYED pending the outcome of arbitration.  The parties are DIRECTED to provide a joint status update to the Court within six months of the date of this Order, or immediately upon resolution of arbitration.

DATED this 15th day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO COMPEL ARBITRATION - 7